UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WELLS FARGO, N.A., as trustees for WaMu Mortgage Pass-Through Certificates Series 2004-PR2 Trust,

   Plaintiff,

v.

JODI LITUS and ALISON LITUS,

   Defendants.

: CIVIL ACTION NO. 3:12-CV-2124
:
: (JUDGE CONABOY)

FILED
SCRANTON

MAR 24 2014

PER _____
DEPUTY CLERK

### MEMORANDUM

Here we consider Plaintiff's Motion for Summary Judgment (Doc. 43) filed on February 24, 2014. On the same date Plaintiff filed Plaintiff's Brief in Support of Its Motion for Summary Judgment (Doc. 44) and Statement of the Material Facts (Doc. 45). With this motion, Plaintiff seeks judgment in its favor on the mortgage foreclosure action (Doc. 1) filed in this Court on October 24, 2012. Defendants did not file a brief in opposition to the motion and the time for doing so has passed. Thus, pursuant to Local Rule 7.6 of the Local Rules of Court of the Middle District of Pennsylvania, Defendants are deemed not to oppose the motion. Nonetheless, we will proceed with an analysis of the merits of Plaintiff's motion. For the reasons discussed below, we conclude the motion is properly granted.

## I. Background[1]

The property in this case is located at 1085 Cherry Lane, East Stroudsburg, Pennsylvania ("Subject Property"). (Doc. 45 ¶ 1.) The Subject Property is not Defendants' primary residence; they reside at 386 Saly Road, Yardley, Pennsylvania. (Doc. 45 ¶ 2.)

On or about June 24, 2004, Defendants borrowed $254,000.00 from Washington Mutual Bank, FA. (Doc. 45 ¶ 3.) On June 24, 2004, Defendants executed a Promissory Note in the amount of $254,000.00 in favor of Washington Mutual Bank, FA. (Doc. 45 ¶ 4 ) On the same date, Defendants executed a Mortgage upon the Subject Property in favor of Washington Mutual Bank, FA. (Doc. 45 ¶ 5.)

Plaintiff is the current holder of the Mortgage and Promissory Note. (Doc. 45 ¶¶ 6, 7.) An Assignment of Mortgage in favor of Plaintiff was executed and recorded prior to the commencement of the instant action. (Doc. 45 ¶ 8.)

The terms of the Note and Mortgage require Defendants to repay the mortgage loan, with interest, in monthly installments of principal and interest beginning on August 1, 2004, and continuing through the maturity date of July 1, 2034. (Doc. 45 ¶ 9.) Defendants have not made any payments since August 1, 2010. (Doc. 45 ¶ 10.)

---

[1] The factual information contained in this section of the Memorandum is derived from Plaintiff's statements of material facts (Doc. 45). Pursuant to Local Rule 56.1 of the Local Rules of Court of the Middle District of Pennsylvania, these statements are deemed admitted because Defendants did not file an opposing statement.

On October 15, 2010, Defendants were provided with a pre-foreclosure notice, advising them of the default, and the steps to cure it. (Doc. 45 ¶ 11.)

As of December 31, 2013, the amount due and owing to Plaintiff totals $329,222.84. (Doc. 45 ¶ 12.)

As noted above, the Complaint in this action was filed on October 24, 2012. (Doc. 1.) On February 24, 2014, Plaintiff filed Plaintiff's Motion for Summary Judgment (Doc. 43), Plaintiff's Brief in Support of Its Motion for Summary Judgment (Doc. 44), and Statement of the Material Facts (Doc. 45). Defendants did not file a brief in opposition to the motion and the time for doing so has passed.

## II. Discussion

### A. *Summary Judgment Standard*

Summary judgment is appropriate when the movant demonstrates there is no "genuine issue as to any material fact." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect

3

the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson*, 477 U.S. at 248). In determining whether a genuine issue of fact exists, a court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004) (citation omitted).

The initial burden is on the moving party to show an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citations omitted). The moving party may meet this burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof." *Id.* at 325. The non-moving party may not rest on the bare allegations contained in his or her pleadings, but is required by Federal Rule of Civil Procedure 56 to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. *Id.* at 324.

Where underlying facts are in dispute, the facts are viewed in the light most favorable to the plaintiff. *Abramson v. William Patterson College of N.J.*, 260 F.3d 265, 267 (3d Cir. 2001) (citing *Drinkwater v. Union Carbide Corp.*, 904 F.2d 853, 854 N.1 (3d Cir. 1990). "In considering a motion for summary judgment, a district

court may not make credibility determinations or engage in any weighing of evidence." *Anderson*, 477 U.S. at 255. Therefore, when evidentiary facts are in dispute, when the credibility of witnesses may be in issue, or when conflicting evidence must be weighed, a full trial is usually necessary.

Under Pennsylvania law governing this action, summary judgment is proper in a mortgage foreclosure action "if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. Ct. 1998) (citing *Landau v. Western Pennsylvania National Bank*, 282 A.2d 335, 340 (Pa. 1971)); *see also United States v. Olayer*, 333 F. App'x 669, 671 (3d Cir. 2009) (not precedentail) (citing *Cunningham*, 714 A.2d at 1056-57). *Cunningham* adds that this is so "even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings." 714 A.2d at 1057 (citation omitted). With respect to the amount owed on the mortgage, a dispute over the amount owed does not create a genuine issue of material fact: the debt owed on a mortgage can be expected to change day by day and while "mortgagors are unquestionably entitled to an accounting, . . . that accounting is not due until the property is sold at sheriff's sale and distribution of the proceeds is made." *Landau*, 282 A.2d at 340. *Landau* further observes that "[j]udgment in a mortgage foreclosure action must be

5

entered in a sum certain or no execution could ever issue on it." *Id.*

### B. Plaintiff's Motion

Plaintiff first argues there are no genuine issues of material fact relevant to foreclosure in that all requirements of a mortgage foreclosure action are satisfied. (Doc. 44 at 3-4.) We agree.

Relevant Pennsylvania law requires a mortgage foreclosure complaint to include the following:

> (1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;
>
> (2) a description of the land subject to the mortgage;
>
> (3) the name, address and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;
>
> (4) a specific averment of default;
>
> (5) an itemized statement of the amount due; and
>
> (6) a demand for judgment of the amount due.

Pa. R. Civ. P. 1148; *Moncrief v. Chase Manhattan Mortgage Corp.*, 275 F. App'x 149, 153 (3d Cir. 2008) (not precedential).

Here Plaintiff asserts that Defendants admit all of the factual elements necessary for the entry of summary judgment. (Doc. 44 at 4.) Defendants do not refute this assertion and we conclude the six requirements are satisfied.

6

Plaintiff next argues that Defendants' affirmative defenses lack merit. We agree.

To Defendants' previously made argument that Plaintiff lacks standing (see Doc. 11 at 3; Doc. 28 at 3), Plaintiff avers it has established that it has standing to prosecute this action because it is the possessor of the note and, under Pennsylvania law, the possessor of the note has the right to enforce it. (Doc. 44 at 5 (citing *JP Morgan Chase Bank, N.A. v. Francis X. Murray*, 63 A.3d 1258, 1266 (Pa. Super. Ct. 2013)).)

We find no error in this statement of the law and no evidence contradicting Plaintiff's assertion that it is the possessor of the note. Therefore, we conclude Plaintiff has standing to pursue this action.

Plaintiff next asserts that Defendants' previously made argument related to attempted mortgage modification and Plaintiff's representative's alleged instruction to Mr. Litus that he should stop paying his mortgage does not bar summary judgment. (Doc. 44 at 5 (citing Doc. 27 ¶ 7).) We agree.

Plaintiff maintains that Defendants' request for a mortgage modification does not constitute a defense to the action in that it had no obligation to modify the mortgage and it is contractually entitled to seek foreclosure. (Doc. 44 at 5 (citing *U.S. Bank, National Association v. Cox*, 11 Pa. D. & C. 5th 179, 189 (2010)[2]).)

---

[2] 2010 WL 1988393 (Pa. Comm. Pl. 2010).

Defendants' averments on this issue set out in previous filings (Docs. 27, 28) do not present genuine issues of material fact at this stage of the proceedings. *See* Fed. R. Civ. P. 56. Furthermore, Defendants previously admitted they were notified of the denial of the requested mortgage modification (Doc. 27-1 ¶¶ 17-19), their assertions regarding Plaintiff's directives concerning past due mortgage payments had to do with "*initial* payment lapses" (Doc. 27-1 ¶ 21 (emphasis added)), and it was Defendants' "*initial* decision to not make mortgage payments" (Doc. 27-1 ¶ 22 (emphasis added)) that was at the direction of Plaintiff and its agents. These assertions, even if considered in the context of the pending summary judgment motion, do not contradict Plaintiff's factual assertions that it was not obligated to modify the mortgage and Defendants did not make the required payments.

### III. Conclusion

For the reasons discussed above, Plaintiff's Motion for Summary Judgment (Doc. 43) is granted. *In rem* Judgement in mortgage foreclosure is entered in Plaintiff's favor. An appropriate Order is entered simultaneously with this action.

RICHARD P. CONABOY
United States District Judge

DATED: 3-24-14